## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| TOMMIE LEE MCDOWELL, JR., | ) | 3:12-cv-00249-MMD-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | June 24, 2013 |
| RICHARD RIMINGTON, et. al. | ) | |
| Defendants. | ) | |

**PRESENT:**   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

**DEPUTY CLERK:**   KATIE OGDEN       **REPORTER:** NONE APPEARING

**COUNSEL FOR PLAINTIFF(S):**  NONE APPEARING

**COUNSEL FOR DEFENDANT(S):**  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court are two motions to strike, one filed by Defendants (Doc. # 48) and one filed by Plaintiff (Doc. # 49).

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter[s]" from a "pleading," it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). However, courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012 (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate [ ] conduct. *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. 2010)).

Defendants move to strike Document Number 47, filed by Plaintiff, which they assert is a fugitive document characterized as a "notice" to the court which improperly construes Defendants' cross-motion for summary judgment. (Doc. # 48.)

MINUTES CONT'D
3:12-cv-00249-MMD-WGC
June 20, 2013

Document Number 47 is titled "Plaintiff's Non-Frivolous Notice to Court." He asserts that he filed his partial motion for summary judgment (Doc. # 23), addressing Counts III and IV. Then, he observes that Defendants filed their own motion for summary judgment and opposition to Plaintiff's partial motion. Plaintiff asserts that he seeks to avoid the court's confusion with respect to who is moving for summary judgment as to each particular count.

The court finds that Plaintiff's "notice" (Doc. # 47) was unnecessary. The court was sufficiently able to discern from the parties' filings that Plaintiff moved for partial summary judgment as to counts III and IV, and that Defendants filed an opposition to Plaintiff's partial motion for summary judgment, and at the same time filed their own cross-motion for summary judgment, arguing that they are entitled to summary judgment with respect to all four of Plaintiff's counts. Plaintiff is mistaken that they only moved for summary judgment as to Counts I and II.

The cross-motion clearly opposes Plaintiff's partial motion for summary judgment, which addresses Counts III and IV, and moves for summary judgment on behalf of Defendants as to counts I, II, III and IV.

In the interest of managing its docket, the court will exercise its inherent power to **STRIKE** Document Number 47 as immaterial. In the future, Plaintiff is advised that if he seeks relief, he should file a motion setting forth the grounds for relief as contemplated by the Federal Rules of Civil Procedure and Local Rules. Accordingly, Defendants' motion to strike (Doc. # 48) is **GRANTED**.

In addition, Plaintiff filed his own partial motion to strike (Doc. # 49), wherein he seeks to strike part of Defendants' reply filed in support of their motion for summary judgment insofar as it makes reference to Counts III and IV of his complaint. Defendants have opposed this motion (Doc. # 50), and Plaintiff filed a reply brief (Doc. # 52). Again, Plaintiff is mistaken in his belief that Defendants' cross-motion for summary judgment only addressed Counts I and II. As stated above, it was directed to all four counts of Plaintiff's complaint. As such, Plaintiff's motion to strike (Doc. # 49) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk