UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOMMIE LEE MCDOWELL,<br><br>                    Plaintiff,<br><br>v.<br><br>RICHARD RIMINGTON, et al,<br><br>                    Defendants. | Case No. 3:12-cv-00249-MMD-WGC<br><br>ORDER<br><br>(Plf.'s Partial Objection to Report and Recommendation – dkt. no. 57) |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 55) ("R&R") relating to Plaintiff's Motion for Partial Summary Judgment (dkt. no. 23) and Defendants' Motion for Summary Judgment (dkt. no. 41). Plaintiff filed a partial objection to the R&R (dkt. no. 57) and Defendants responded (dkt. no. 58). The Court has considered the objection and the response. For the reasons discussed below, the R&R is adopted in part and rejected in part.

**II.    BACKGROUND**

The facts and background of this case are fully set out in the R&R.

The following motions are pending before the Court: (1) Plaintiff's Motion for Partial Summary Judgment, which solely relates to Counts III and IV of the Complaint (dkt. no. 23); and (2) Defendants' cross motion for summary judgment, which relates to the entire Complaint including Counts I, II, III and IV, and Plaintiff's official capacity damages claims (dkt. no. 41). The R&R recommends the Court enter an order: (1)

denying Plaintiff's motion for partial summary judgment; (2) denying Defendants' cross motion motion for summary judgment as to Counts I, II and IV of the Complaint; (3) granting Defendants' cross motion for summary judgment as to Count III; and (4) granting Defendants' cross motion for summary judgment as to Plaintiff's official capacity damages claims. (Dkt. no. 55.)

Plaintiff objects to the R&R's treatment of Count III and the R&R's recommendation that summary judgment be granted for Defendants as to that count. (*See* dkt. no. 57 at 1.)

### III.   LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

///

## IV. ANALYSIS

While Plaintiff only objects to the R&R's recommendation as to Count III, the Court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendations as to all of Plaintiff's claims.

### A. Counts I and IV – Retaliation

The Court adopts in full the R&R's recommendations regarding Counts I and IV, which each assert First Amendment retaliation claims. A retaliation claim requires: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2009) (citations omitted). The Court agrees with the R&R that there is no dispute between the parties that the disciplinary proceedings at issue were adverse actions and that the Plaintiff's filing of grievances constitutes protected conduct. Upon reviewing the underlying briefs, the Court finds that there are genuine issues of material fact as to the remaining elements as to both counts. The Court thus finds good cause to adopt the R&R's recommendations that Plaintiff's partial motion for summary judgment be denied as to Count IV, and Defendants' cross motion for summary judgment be denied as to Counts I and IV.

### B. Count II - Conspiracy

The Court also adopts in full the R&R's recommendation regarding Count II, which asserts a claim, pursuant to 42 U.S.C. § 1985, for conspiracy to interfere with Plaintiff's rights. To prove a conspiracy, Plaintiff must show "an agreement or meeting of the minds to violate constitutional rights." *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citation and internal quotation marks omitted). The Court finds that there is a genuine issue of material fact as to whether Defendants Rimmington and Oxborow conspired to retaliate against Plaintiff. The Court thus finds good cause to adopt the

///

R&R's recommendation that Defendants' cross motion for summary judgment be denied as to Count II.

### C. Count III – Due Process

The Court adopts in part and rejects in part the R&R as to Count III, which asserts a Fourteenth Amendment due process claim. The Complaint alleges the following facts as to Count III. Plaintiff received a disciplinary report written by Defendant Rimmington alleging that Plaintiff made threats against Rimmington and his family. Defendant Bryant presided as the hearing officer over the disciplinary hearing concerning Plaintiff's alleged threats in April, 2011, and also investigated Rimmington's disciplinary report prior to becoming the hearing officer. Plaintiff told Bryant that he had potential witnesses for the hearing and gave Bryant a list of names, but that Bryant did not allow Plaintiff to call witnesses or introduce witness statements. Bryant considered Rimmington's written report and the report of Defendant Oxborrow, who served as Rimmington's witness. Bryant found Plaintiff guilty of making threats and he was sanctioned to 180 days in disciplinary segregation. In disciplinary segregation, Plaintiff was limited to family-only, no-contact visits. He was forced to shower on his knees in contaminated water for the full 180 days. He did not have a mattress, pillow, bedding, hygiene products or clothing other than undergarments for the first three weeks of segregation. His experience caused him to seek psychiatric treatment.

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest,[1] and (2) a denial of adequate procedural protections." *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir.2002). In the Complaint and his motion for partial summary judgment, Plaintiff argues that he was denied three types of procedural protections. The R&R identified these three categories

---

[1] The R&R considered whether Plaintiff's allegations regarding the conditions of his disciplinary segregation implicate a protected liberty interest. The R&R did not reach a conclusion because it ultimately found that there was no due process violation. As this issue has not been argued or briefed by the parties, the Court will not examine it at this time.

of procedural protection as: (1) witnesses and witness statements; (2) evidence supporting decision; and (3) impartiality of hearing officer.

### 1.   Witnesses and Witness Statements

The R&R recognized that prison officials have discretion to deny an inmate the opportunity to call witnesses where the witnesses would not add any new information to the hearing. (Dkt. no. 55 at 28-29.) As reflected in the summary report of the disciplinary hearing, Bryant "conceded that any witnesses called would concur any statement made by [Plaintiff] and therefore would be redundant and unnecessary." (Dkt. no. 23, Ex. 1 at 2.) The Court thus agrees with the R&R that Plaintiff's due process rights were not violated when Bryant denied Plaintiff's request to present witnesses and their statements.

### 2.   Evidence Supporting Decision

The R&R noted that the screening order in this action (dkt. no. 3) "did not identify a colorable claim based on an alleged deficiency in the evidence relied on making the disciplinary determination[.]" The Court agrees and does not read the Complaint as stating a due process claim for deficiency of evidence. Therefore, the Court will not consider this argument in evaluating the R&R.

### 3.   Impartiality of Hearing Officer

The R&R correctly stated that the screening order does not explicitly discuss a due process claim related to the alleged impartiality of Bryant. The Complaint, however, does allege that Bryant served as both the disciplinary hearing officer and the disciplinary report investigator. (See dkt. no. 4 at 7, 10.) As the R&R recognized, "'a prison official who witnesses or investigates an incident cannot sit on a disciplinary committee that determines whether a particular inmate was guilty of any wrongdoing in that incident.'" (Dkt. no. 57 at 31 (quoting *Willoughby v. Luster*, 717 F. Supp. 1439, 1441 (D. Nev. 1989)).) As the screening order found that Plaintiff stated a colorable claim for a due process violation against Bryant, the Court finds that Plaintiff's impartiality claim is

///

viable and should be considered in its summary judgment analysis even though it was not explicitly addressed in the screening order.

In his declaration, attached to Defendants' cross motion for summary judgment, Bryant states that he was assigned to be the hearing officer in April, 2011. (Dkt. no. 41-1, Ex. E at 1.) The incident itself occurred on February 28, 2011. (*Id.*) Bryant states that "in preparation of the disciplinary hearing, [he] spoke to senior officer Oxborrow prior to the hearing . . . ." (*Id.*) Based on this declaration, the R&R concluded that the "inference could not be drawn that Bryant's discussion with Oxborrow 'in preparation of the hearing' was part of the investigation of the underlying incident." (Dkt. no. 55 at 31-32.)

In his objection to the R&R, Plaintiff directs the Court's attention to Oxborrow's declaration attached to Defendants' cross motion for summary judgment. In it, Oxborrow states that "[s]ometime between February 2011 and April 2011, Officer Bryant came and discussed with me what I heard and saw on February 28, 2011 . . . ." (Dkt. no. 41-1, Ex. C at 1.) If Bryant did investigate the incident, by talking to Oxborrow before being appointed hearing officer in April, 2011, then there could be a violation of Plaintiff's due process rights. The Court thus finds that there is a genuine issue of material fact as to whether Bryant investigated the February 28, 2011, incident prior to being appointed hearing officer. The Court thus rejects the R&R's recommendation that the Court grant summary judgment for the Defendants as to Count III.

### D. Plaintiff's Official Capacity Damages Claims

With regard to Plaintiff's official capacity damages claims, the R&R properly recommends granting summary judgment in favor of the Defendants. Defendants are state officials that may not be sued for damages in their official capacity under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

///

determines that they do not warrant discussion or reconsideration as they do not affect the outcome of this order.

It is hereby ordered that the R&R (dkt. no. 55) is adopted in part and rejected in part. The Complaint does not allege that Plaintiff's due process rights were violated due to a deficiency in the evidence relied on in his April, 2011, disciplinary hearing. Therefore, the Court rejects the R&R's recommendation, in Section (III)(B)(2)(ii)(b), that summary judgment be granted as to that claim. The deficiency of evidence claim is therefore not viable in this action. The Court further rejects the R&R's recommendation, in Section (III)(B)(2)(ii)(c), that summary judgment should be granted for Defendants as to Plaintiff's claim in Count III of the Complaint that Bryant was not an impartial hearing officer. The impartiality claim therefore remains viable in this action. The Court adopts the rest of the R&R.

It is further ordered that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 23) is denied.

It is further ordered that Defendants' cross motion for summary judgment (dkt. no. 41) is granted in part and denied in part. The motion is granted as to Plaintiff's official capacity damages claims. The motion is granted as to Plaintiff's claim in Count III that Bryant violated his due process rights by not allowing him to call witnesses or introduce witness statements at the April, 2011, disciplinary hearing. The motion is denied as to Plaintiff's claim in Count III that Bryant was not an impartial hearing officer. The motion is denied as to Counts I, II and IV.

ENTERED THIS 23rd day of September 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE