UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOMMIE LEE MCDOWELL,<br><br>Plaintiff,<br>v.<br><br>RICHARD RIMINGTON, et al,<br><br>Defendants. | Case No. 3:12-cv-00249-MMD-WGC<br><br>ORDER |

I. **SUMMARY**

Before the Court are Plaintiff's Request for Modification of Relief Sought (dkt. no. 62) and Motion in Limine No. 1 (dkt. no. 80). For the reasons discussed below, Plaintiff's Request for Modification of Sought Relief is denied while Plaintiff's Motion in Limine is granted.

II. **BACKGROUND**

The Court screened the Complaint on May 31, 2012. (Dkt. no. 3.) On December 12, 2013, the Court issued the Scheduling Order which sets the deadline for amendments of pleadings for sixty (60) days from the order (or February 13, 2013). (Dkt. no. 22 at ¶ 2.) On January 4, 2013, Plaintiff filed his Motion for Partial Summary Judgment. (Dkt. no. 23.) Defendants filed their Motion for Summary Judgment on April 22, 2013, after seeking two extensions of time. (Dkt. no. 41.) On June 24, 2013, the Magistrate Judge issued his Report and Recommendation to which Plaintiff partially objected. (Dkt. nos. 55 and 57.)

On September 23, 2013, the Court adopted the Magistrate Judge's Report and Recommendation in part and rejected it in part. (Dkt. no. 59.) The September 23, 2013, Order denied Plaintiff's Motion for Partial Summary Judgment. The Order granted in part and denied in part Defendant's Motion for Summary Judgment to allow Plaintiff's claim in Count III that Bryant was not an impartial hearing officer and Counts I, II and IV against defendants Rimington and Oxborrow to proceed to trial. Trial is set for May 13, 2014. (Dkt. no. 87.)

Plaintiff filed his Request for Modification of Sought Relief about a week later, on September 30, 2013. (Dkt. no. 62.) In his Request for Modification of Sought Relief, Plaintiff seeks to amend the Complaint to assert an additional paragraph to allege dates of Defendants' acts and to assert allegations relating to compensatory and punitive damages.[1] The reason for these additional assertions only became clear in Plaintiff's reply brief. In his reply, Plaintiff clarifies that he seeks to modify his request for damages because he neglected to assign damages for the conspiracy claim as part of Counts I and II and to consider the number of defendants who engaged in conspiracy and retaliation. In the Complaint, Plaintiff requested the following relief:

Count 1:  $10,000 compensatory + (plus) $5,000.00 punitive

Count 2:  $10,000 compensatory + (plus) $5,000.00 punitive

Count 3:  $7,000 compensatory + (plus) $5,000.00 punitive

Count 4:  $10,000 compensatory + (plus) $10,000.00 punitive

(Dkt. no. 1-1 at 14.) Plaintiff seeks to modify his relief requested to allege as follows: $35,000 for each defendant (Rimington and Oxborrow) pursuant to Counts I and II for a total of $60,000 for each count instead of $10,000. (Dkt. n. 4 at 3.)

///

///

---

[1] Plaintiff did not submit a proposed amended complaint on this Court's approved prisoner's civil rights complaint form.

## III. DISCUSSION

### A. Request for Modification

Plaintiff relies on Fed. R. Civ. P. 8(b)(6)(1)(e), but there is no such rule and the procedural rule governing amendment is Fed. R. Civ. P. 15. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court after responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if: (1) it will cause undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Defendants argue that Plaintiff's request is untimely since the deadline to amend was February 11, 2013, and allowing Plaintiff to amend to expand Defendants' liability would at this state of the litigation be highly prejudicial. Plaintiff claims that he made a mistake in not accounting for the fact that Count I consists of two separate allegations of conspiracy and retaliation and did not properly account for the two defendants. However, Plaintiff does not explain why he waited until after the Court's Order on the motions for summary judgment and long after the deadline for amendment of pleadings to seek leave to amend. Plaintiff filed a partial objection to the Magistrate Judge's Report and Recommendation June 2013, but did not seek leave to amend then. Plaintiff had ample opportunity during the course of this case to seek leave to amend to expand his damages request. The Court agrees with Defendants that allowing amendment to expand their liability at this state of the litigation would be unduly prejudicial to Defendants.

///

///

### B. Motion in Limine

In his Motion in Limine, Plaintiff asks the Court to exclude his certified judgments of conviction. Defendants contend they do not anticipate the judgments of conviction to be relevant but reserve their right to introduce them if they become relevant. (Dkt. no. 85 at 2.)

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); accord *Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

Since Defendants agree that the judgments of conviction are not relevant, they are not admissible under Fed. R. Evid. 402. Plaintiff's Motion is granted.

### IV. CONCLUSION

It is therefore ordered that Paintiff's Request for Modification of Relief Sought (dkt. no. 62) is denied. It is further ordered that Plaintiff's Motion in Limine No. 1 (dkt. no. 80) is granted.

ENTERED THIS 7th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE